UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
TELEPHONE (410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 22, 2025

LETTER TO COUNSEL

RE: *John W. v. Commissioner of Social Security Administration*
Civil No.: 23-0117-MBAH

Dear Counsel:

Jason McCaul, Esq. of the Olinksy Law Group has filed a motion requesting attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before the Court. ECF 22. In response, the Social Security Administration ("SSA") asked the Court to consider whether Mr. McCaul's requested amount constitutes a reasonable fee. ECF 23. No reply was filed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Mr. McCaul's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On January 17, 2023, Plaintiff, represented by Mr. McCaul, petitioned the Court to review the SSA's final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. On September 12, 2023, the Court denied government's motion for summary judgment and reversed the SSA's judgment due to inadequate analysis, and the case was remanded to the SSA pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). ECF 17. As a result, Mr. McCaul was awarded $3,765.48 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 25. This award represents 15.20 hours of attorney time (at $241.15/hour) and 1.0 hours of paralegal time (at $100.00/hour) performed on Plaintiff's behalf. ECF 24.

Plaintiff recently received a favorable decision from the SSA and was awarded past due benefits in the amount of $123,274.00. ECF 22-1. Twenty-five percent of the past-due benefits is $30,818.50. *Id*. A hearing level representative's fee of $7,200.00 was approved. *Id*. Mr. McCaul requests the remainder, $23,618.50, in attorney's fees under Social Security Act § 206(b)(1), 42 U.S.C. § 406(b)(1). *Id*. Mr. McCaul also agrees to reimburse Plaintiff the fees awarded under EAJA. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before the Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a

reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id.*

In this case, Mr. McCaul's firm and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. McCaul twenty-five percent of all retroactive benefits to which he might become entitled. ECF 22-2. In his previous motion for attorney's fees pursuant to EAJA, Mr. McCaul submitted an itemized report documenting time billed in Plaintiff's case before this Court. ECF 18-3. The Court's EAJA award represents 15.20 hours of attorney time and 1.0 hours of paralegal time.

If Mr. McCaul receives the full amount of fees he requests, after deducting $100.00 for paralegal time of 1.0 hour, his fees for representation before the Court will effectively be $1,547.27 per hour. Mr. McCaul must therefore show that an effective rate of $1,547.27 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. McCaul is an attorney at the Olinksy Law Group, which "has limited its practice to Disability Law." ECF 18-1. The hourly rate requested for his services under EAJA is $241.15 per hour.[1] Mr. McCaul's requested fee here results in more than six times of the hourly rate he requested under EAJA. Although it is customary in Social Security cases for courts to approve significantly higher rates, *see Trenton A. v. Comm'r, Soc. Sec. Admin.*, No. JMC-19-1568, 2022 WL 7099730, at *2 (D. Md. Jan. 27, 2022), Mr. McCaul's requested rate exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. "Hourly rates exceeding $1,000 are the exception, not the rule." *Willie B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-2973, 2023 WL 3950112, at *2 (D. Md. June 12, 2023) (finding that an effective rate of $1,231.78 per hour was unreasonable). While the Court recognizes his effective performance and the substantial past-due benefit awarded to his client, Mr. McCaul's request of $23,618.50, for 15.20 hours in this case would result in a windfall. *See Everlena G. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-00784, 2023 WL 424427, at *1 (D. Md. Jan. 26, 2023) (finding an effective rate of $1,284.65 "would result in a windfall"). Instead, the Court finds that an award of $11,500.00, amounting to an hourly rate of $750.00—more than triple the hourly rate he requested under EAJA—would adequately compensate Mr. McCaul for the time that he spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with similar experience).

For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART Mr. McCaul's request for attorney's fees, ECF 22. The Court will award Mr. McCaul attorney's fees in the amount of $11,500.00, and Mr. McCaul should reimburse to Plaintiff the $3,765.48 in fees

---

[1] It is not clear how long Mr. McCaul has been practicing Social Security law, and his regular hourly rate was not provided.

*Michael W. v. Kijakazi*
Civil No.: 21-2786-MBAH
September 22, 2025
Page 3

awarded under EAJA.

    Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly. An implementing order follows.

        Sincerely,

        /s/

        Charles D. Austin
        United States Magistrate Judge